IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | NO.  A-06-CR-290 LY |
| § | |
| DAVID WILLIAM MULLINS § | |

**AMENDED RECOMMENDATION**

On May 14, 2014, the undersigned issued a Report and Recommendation in this case, finding that because the Defendant had "not been given the resources needed to give him a clear opportunity to establish a residence and stable employment," his supervised release should not be revoked, and he should be continued "with the resources that should have been in place from the start." Dkt. No. 56.  The Court thus recommended that Mullins be permitted to remain on supervision, with the explicit directive that he reside at the Austin Transitional Center for 180 days, and remain in custody until a bed was available there.  The Court included the ATC recommendation because a large part of Mullins' problems on supervision stemmed from his being placed in halfway houses hundreds of miles away, denying him any reasonable opportunity to establish employment or a residence in this division.  Judge Yeakel adopted these recommendations on May 15, 2014.  Dkt. No. 57.

Over the past seven weeks, the Probation Office has worked with the Bureau of Prisons and ATC to locate a bed for Mullins at ATC.[1]  Due to the very high volume of offenders exiting the BOP, combined with policy changes at the BOP which make much greater use of halfway houses for offenders reentering the community, the BOP and ATC anticipate that there will not be a bed

---

[1] Since the time of the hearing, the Court has learned that the U.S. Probation Office does not have a contract with ATC, but rather "piggy backs" off of the BOP's contract there.  As a result, the Probation Office only has spaces available for offenders on supervised release when the BOP is not using them for inmates in its custody.

available at ATC any time in the near future—indeed, any time in 2014.  Under the current judgment in this case, Mullins is to remain in custody until a space is available at ATC, and thus he has been incarcerated since entry of the May 15, 2014 judgment.

In light of these developments, the undersigned entered an order for the parties and the Probation Office to appear for a hearing to address what should happen with regard to implementing the judgment of May 15, 2014.  In short, at that hearing the Probation Office recommended that the Court revoke Mullins' supervised release for the violations set out in the previous Report and Recommendation (Dkt. No. 56), and sentence Mullins to a time-served sentence, with a reinstitution of the restitution order in the amount of $3,835.  The Court concurs.  It is clear that without a halfway house resource in this community, there is little the Probation Office can do to supervise or otherwise assist Mullins in transitioning into the community.  And while Mullins bears responsibility for the failures that led to these revocation proceedings, the problems are not all of his making, but derive as well from the fact that he was placed in a halfway house in El Paso, where he has no ties and no real prospects.  His only violations have been related to his desire to return to Austin, and his lack of a residence here.  Indeed, when he left the halfway house in El Paso and took a bus to Austin, he reported to the Austin Probation Office upon his arrival here.

**ACCORDINGLY,** the undersigned recommends that the district judge amend his order and judgment of May 15, 2014 (Dkt. No. 57), and **REVOKE** the term of supervised release in this case, and sentence the Defendant to a term of **time served with no supervision to follow**, and also reinstate the judgment for restitution in the remaining amount of $3,835, on the terms set forth in the original Judgment and Commitment of March 29, 2007 (Dkt. No. 22).

OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of June, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE